REGAN, Judge.
Plaintiff, Mrs. Marie M. Molaison, widow of Sylvester H. Rohli, a deputy criminal sheriff for the Parish of Orleans, who died *302 on January 7, 1955, instituted this suit[1] against the defendants, the City of New Orleans, Louis A. Heyd, Sr., criminal sheriff of the Parish of Orleans, and Chester A. Wooten, A. Irwin, W. E. Waggoner, Bert E. Durrett, and Milton Coverdale, the officers of the Louisiana Sheriffs’ Association, endeavoring to recover the sum of $2,000, death benefits alleged to be due under a group insurance policy issued on August 1, 1954, by Crown Life Insurance Company, in conformity with a mandatory statute of the legislature,[2] covering the lives of all sheriffs and their deputies throughout the State of Louisiana.
The defendants pleaded various exceptions which were initially overruled, and the City of New Orleans then answered and denied any liability for contracts entered into by the criminal sheriff or imposed upon him by law; the lower court finally sustained the exceptions of no cause of action pleaded by the criminal sheriff and the officers of the sheriffs’ association.
From a judgment in favor of the latter two defendants maintaining their exceptions of no cause of action, the plaintiff has prosecuted this appeal.
The facts, as we understand them from plaintiff’s petition, are that after the policy of group insurance was issued by the Crown Life Insurance Company effective August 1, 1954, the criminal sheriff actually caused to be paid one month’s premium therefor, but when he paid no further premiums the policy was cancelled by the Crown Life Insurance Company retroactively to the date of its issuance — that is, August 1, 1954, but only insofar as it affected the criminal sheriff for the Parish of Orleans. Between the date of the policy’s issuance and its retroactive cancellation, Sylvester Rohli, a deputy criminal sheriff, died on January 7, 1955. Plaintiff, the widow of the decedent, instituted this suit against several defendants; however, only the criminal sheriff for the Parish of Orleans and the officers of the Louisiana Sheriffs’ Association are before us on appeal.
For the purpose of considering the validity of the exception of no cause of action which was pleaded by the defendants and sustained by the lower court, the allegations of the petition will be accepted as true.
Plaintiff alleged in Article IV of her supplemental and amended petition that:
“The defendant Louis A. Heyd, Sr., Criminal Sheriff for the Parish of Orleans, State of Louisiana, failed, neglected, and/or refused to see to it that the City of New Orleans furnish him with the funds for the insurance premiums; that he did not take advantage of the legal means and ways available to him to secure the monies from the City of New Orleans; and that he failed, neglected, and/or refused to avail himself of the funds he had at his disposal and pay the premiums as was required by Act 238 of 1954.” [LSA-R.S. 33 -.1448, 1450]
And in Article V of her original petition t
“Plaintiff alleges, on information and belief, that the officers of the Louisiana Sheriffs’ Association, being its President, Vice-Presidents, Counsel Executive Director, and Secretary-Treasurer, contracted for and obtained group insurance policies from The Crown Life Insurance Company for the sheriffs and deputy sheriffs providing among other matters for the payment of the sum of $2,000.00 in the event of a natural death and the added sum of $5,000.00: in the case of an accidental death, all pursuant to their said statutory authority.”
In Article V of her supplemental and amended petition plaintiff asserted that:
*303 “The defendant officers of the Louisiana Sheriffs’ Association failed, neglected, and/or refused to see to it that the group life, health, accident, accidental death and dismemberment, hospital, surgical or medical expense insurance was maintained and kept in full force and effect; that they did not take advantage of the legal means and ways available to them to maintain the insurance; that they did not see to it that the premiums were paid, and that they allowed said policy to be cancelled without taking any steps to maintain the insurance as was required by Act 238 of 1954.”
Plaintiff contends that the foregoing allegations constitute a cause of action against the defendants, Heyd and the officers of the Louisiana Sheriffs’ Association in view of the rationale of LSA-Revised Statutes 33:1448, 1449, and 1450 which read :
“§ 1448. Sheriffs and deputy sheriffs shall be insured under a policy, or policies, of group life, health, accident, accidental death and dismemberment, hospital, surgical or medical expense insurance in such an amount, or amounts, as may be contracted for by the officers of the Louisiana Sheriffs’ Association. * * *
“§ 1449. * * *
“The officers of the Louisiana Sheriffs’ Association shall constitute a board with authority to act for and contract for the group insurance. * * *
“§ 1450. The cost of the group insurance shall be paid by the sheriff out of the Sheriff’s Salary Fund, except that the cost of the insurance on the criminal sheriff for the parish of Orleans and his deputies and the civil sheriff for the parish of Orleans and his deputies shall be paid from the fund, or funds, provided or appropriated for payment of the salaries of said civil and criminal sheriffs, and their respective deputies. * * * ”
The defendants, the officers of the Louisiana Sheriffs’ Association, insist that plaintiff has not stated a cause of action against them for the reason that they did all that was required of them by the statute when they, on behalf of the sheriff and his deputies, contracted for the group insurance.
We are of the opinion that the sole obligation of the officers of the Louisiana Sheriffs’ Association created by LSA-R.S. 33:1448, 1449 is to “contract for” the insurance provided therein. In Article V of plaintiff’s original petition she confirmed the fact that these officers “contracted for and obtained” the group life insurance policies authorized by the statute. Having done all that they were statutorily obligated to do, we believe that plaintiff’s petition failed to reveal a cause of action against the officers of the Louisiana Sheriffs’ Association.
Defendant, the criminal sheriff for the Parish of Orleans, asserts that the lower court “maintained the exception of no cause of action on the very point that there are no allegations in the petition that the criminal sheriff had been provided with any funds, nor were any funds appropriated to the criminal sheriff for the payment of insurance as provided for in the unmistakenly clear language of the statute R.S. 33:1450.”
It is our opinion, considering all of the allegations made in plaintiff’s original petition together with the more specific allegations in Article V of her supplemental and amended petition, that a cause of action has been asserted therein against the criminal sheriff for the Parish of Orleans.
The legislature, in enacting LSA-R.S. 33:1448 and 33:1450 apparently did not intend to invest the sheriffs of this state with any discretion with respect to the acquisition of and payments for group insurance once it was "contracted for” on their behalf by the officers of the Louisiana Sher *304 iffs’ Association, and that appears to be a reasonable interpretation of what the legislature meant when it said that “sheriffs and deputy sheriffs shall be insured under a policy * * * of group life * * * insurance in such an amount * * * as may be contracted for by the officers of the Louisiana Sheriffs’ Association” and “the cost of the insurance on the criminal sheriff for the parish of Orleans and his deputies * * * shall be p'aid from the fund * * * provided or appropriated for payment of the salaries of said * * * criminal sheriffs, and their respective deputies.” (Emphasis supplied.)
The salaries of the criminal sheriff and his deputies are paid by the City of New Orleans semi-monthly by virtue of an appropriation made therefor in its yearly budget.[3]
 In considering these statutory provisions as a whole, we are lead to the inevitable conclusion that it was incumbent on the criminal sheriff to submit the cost of this insurance to the City of New Orleans and request from it an appropriation of funds in payment thereof on behalf of himself and his deputies. The answer filed herein by the City of New Orleans, which we have taken cognizance of, indicates that no such budgetary appropriation was requested of the City Council by the criminal sheriff. It may be that the Council is inherently possessed of the legal discretion to either grant or refuse such a request for the cost of insurance provided for the criminal sheriff and his deputies in conformity with a statute of the legislature. However, this phase of the case is not posed for our consideration; we have simply passed upon the validity of the defendants’ exceptions which were pleaded as an initial defense to the allegations asserted in plaintiff’s petition.
For the reasons assigned, the judgment appealed from insofar as it sustained the exception of no cause of action pleaded on behalf of the Louisiana Sheriffs’ Association is affirmed, and it is reversed insofar as it sustained the exception of no cause of action pleaded on behalf of the criminal sheriff for the Parish of Orleans; the exception is therefore overruled, and this phase of the case is remanded for further proceedings according to law.
Affirmed in part; reversed in part.

. Plaintiff also instituted a separate suit against the Crown Life Insurance Company.

. LSA-R.S. 33:1448.

. “The salaries of the criminal sheriff, his deputies, assistants and clerks shall be paid by the City of New Orleans. The governing authority shall make appropriation therefor in its yearly budget and, through its proper officers, issue cheeks in payment of all the salaries upon semi-monthly pay rolls approved and submitted by the criminal sheriff, for the Parish of Orleans.” LSA-R.S. 33:1525.